CHARLES F. McDONALD v. CENTRAL RAILROAD COMPANY
OF NEW JERSEY.

Submitted July 1, 1915—Decided November 5, 1915.

Under section 215 of the Practice act, which provides that "the Circuit Court may, upon terms, state and certify any question of doubt or difficulty to be argued at the bar of the Supreme Court, which court shall hear the same, and, after opinion given therein, shall certify the same to the said Circuit Court, which court shall render judgment therein in conformity to such opinion," only questions which are dispositive of the litigation, and the answers to which will enable the Circuit Court to render judgment for the one party or the other, without any further proceedings in the cause on its part, can be so certified to the Supreme Court. A question whether or not, on the whole case, there was any evidence of fraud in the execution of a release, which should have been submitted by the trial court to the jury for their determination, is not of this character, and cannot be certified to the Supreme Court for its advisory opinion.

On case certified from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff, *Charles M. Egan.*

For the defendant, *George Holmes* and *Edwin F. Smith.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for personal injuries. The defendant pleaded a release, and the plaintiff replied that the instrument was obtained by fraud. At the trial, the release having been introduced as a defence, the plaintiff offered evidence for the purpose of supporting his averment that he had been induced to execute it through the fraud of the defendant. On the part of the defendant testimony was then put in tending to show that the plaintiff executed the release voluntarily, and with a full understanding

of its contents. At the close of the case the defendant moved for the direction of a verdict upon the ground that there was no evidence which would justify the jury in finding that there was fraud in the execution of the instrument. The court withheld action upon this motion, and thereupon certified to us the following question for our advisory opinion, viz., "whether or not, on the whole case, there was any evidence on the question of fraud which should have been submitted by the trial court to the jury for their determination."

The two hundred and fifteenth section of the Practice act provides that "the Circuit Court may, upon terms, state and certify any question of doubt or difficulty to be argued at the bar of the Supreme Court, which court shall hear the same, and, after opinion given therein, shall certify the same to the said Circuit Court, which court shall render judgment therein in conformity to such opinion." A reading of this statutory provision shows very plainly, we think, that it is only fundamental questions which may be certified to us for our opinion —that is, questions which are dispositive of the litigation, and the answers to which will enable the Circuit Court to render judgment for the one party or the other, without any further proceedings in the cause on its part. The question submitted to us for our opinion in the present case is not of this character. If we should examine the proofs accompanying the certificate, and should conclude from such examination that there was an entire lack of evidence supporting the plaintiff's contention, and should certify our opinion to that effect, no judgment could be entered upon that opinion, for there would be no verdict upon which to rest it. The situation would be the same if we should express the opinion that there was evidence which sustained the plaintiff's allegation. In either event the jury would have to be recalled by the Circuit Court, and directed to return a verdict under proper instructions, which, if we certified in the one way, would be controlling, and if in the other, would leave the ultimate settlement of the matter of fact to be determined by them.

The established practice under this statute requires that all matters of fact shall be settled in the Circuit Court, and

that the questions certified shall be questions of law arising upon the facts thus settled. *Destefano* v. *Calandriello,* 57 *N. J. L.* 483; *Trimmer's Executor* v. *Pennsylvania, &c., Railroad Co.,* 64 *Id.* 44, and *Bunn* v. *New York and Greenwood Lake Railway Co.,* 65 *Id.* 372.

The certified case must be dismissed.